**AMY BERKOWITZ-ORTIZ**
**Attorney at Law**
**1225 Franklin Avenue**
**Suite 325**
**Garden City, NY 11530**

Phone: 516-791-1177                                                                              Fax: 516-750-9003

February 26, 2018

Well Fargo Home Mortgage
MAC X9999-01N
1000 Blue Gentian Road
Ste. 300
Eagan, MN 55121

APPEAL LETTER

Re: Begum Nassa
     Case No. 17-430178-nhl
     Loan No. 0533090494
     Premises: 58-64 43rd Avenue, Woodside, NY

Dear Sirs,

On January 10, 2018, this office attended a loss mitigation status conference on behalf of the Debtor, whereby it was So Ordered that the lender "shall start a complete review on the Debtor's most recent package and that if a denial is issued, the Debtor's counsel shall participate in a conference call prior to the issuance of any denial letter, the form of which shall be a detailed letter with a waterfall-type analysis explaining all the programs that were considered."

The Debtor, though my office, submitted a new package, along with all supporting documents showing that her monthly income has increased. The Debtor is now renting to an additional tenant for the sum of $1,200.00 per month. In addition, the Debtor's spouse is now employed and will contribute $2,000.00 a month to the household. This is an additional $3,200.00 per month in income. When added to the monthly income listed in the Modification Application, that being $4,000.00 income and $3,900 rental income, the grand total of monthly income is now $ 11,100.00.

This office participated in a telephone conference with the lender and the lender's attorney on February 9, 2018 and was informed that the lender would be issuing a denial letter. That, among other things, the income of the Debtor's spouse could not be taken

into account since he doesn't receive paystubs. However, no request for additional document was received by my office. My office could have obtained other proof of Debtor's spouse's income. Such as affidavit and deposit statements. I was informed that even with this, the Debtor's increased income would not suffice. In addition, it was also mentioned "large negative NPV". However, there is no clear explanation regarding this or exactly how it factors into the decision to deny the Debtor a modification.

The Debtor is appealing the Denial Letter dated February 6, 2018, based on the fact that she, with her combined earned income and rental income, will be able to make monthly payment to Wells that she could afford. Therefore, Wells can definitely create an affordable mortgage payment for the Debtor, which would allow the Debtor to remain in her home with her family. The Debtor has been making good faith payments of $4,120.00 to the Trustee since July 2017.

The Debtor is also appealing the Lender's decision due to the fact they the Debtor's income has increased and the Lender can create an affordable monthly payment for this Debt, but chooses not to.

In addition, the Denial Letter dated February 6, 2018, along with the previous Denial Letters do not explain what programs the Debtor was reviewed for. The are just blanket Denial Letters which states she "does not meet the requirements for a loan modification". The letter also do not conform to the waterfall-type analysis that was so ordered by this Court in the Order dated January 16, 2018.

If you have any questions, please contact me at the above number.

Very truly yours,

Amy Berkowitz-Ortiz

cc:    Gross Polowy, LLC